**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM J. JULIANO, | : |
| Plaintiff, | : Civil Action No. 06-1110 (FLW) |
| v. | : |
|  | :         **O P I N I O N** |
| CAMDEN COUNTY DEPARTMENT OF CORRECTIONS and TRANSCOR OF AMERICA, | : |
| Defendants. | : |

**APPEARANCES**:

WILLIAM J. JULIANO, <u>Pro Se</u>
Sierra Conservation Center
5150 O'Byrnes Ferry Road
Jamestown, CA 95327

**WOLFSON, District Judge**

Plaintiff, William J. Juliano, brings a civil rights action seeking redress against government employees and entities, pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed <u>in forma pauperis</u>.

Having reviewed the complaint to identify cognizable claims as required under 28 U.S.C. §§ 1915(e) and 1915A, the Court concludes that Plaintiff's civil rights claim under 42 U.S.C. § 1983 alleging an Eighth Amendment violation by defendants should

be dismissed in its entirety for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

The following facts are taken from Plaintiff's complaint and presumed true for purposes of this review.

Plaintiff states that he was transported from Sierra Conservation Center in Jamestown, California, to Camden County Correctional Facility, in Camden, New Jersey as a result of an Order to Produce. The trip took ten days. During the trip, Plaintiff was "handcuffed, leg shackled to the person next to [him] and forced to wear the 'black box' on my wrists making eating and using bathroom facilities paramount to impossible." He also states that he was forced to sleep in an upright position, causing pain and discomfort to his back and neck, and that he was only given McDonald's food to eat, "depriving [him] of the basic food groups . . . and a variety that any human being deserves." Plaintiff states that his family offered to pay to have Plaintiff flown to New Jersey, but the offer was denied by the defendants.

Plaintiff alleges that the above-listed conditions violated his right to be free from cruel and unusual punishment under the Eighth Amendment. He asks for one million dollars compensation.

**DISCUSSION**

**A.     Standard of Review**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner seeks redress against a governmental employee or entity.  28 U.S.C. § 1915A(a).  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972); Then v. I.N.S., 58 F. Supp. 2d 422, 429 (D.N.J. 1999), aff'd sub nom. Then v. Quarantino, 208 F.3d 206 (3d Cir. 2000).

"A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

3

him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines, 404 U.S. at 520). But a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding that dismissal is appropriate. Morse, 132 F.3d at 906. "When it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations of the complaint, a dismissal pursuant to Rule 12(b)(6) is proper." Robinson v. Fauver, 932 F. Supp. 639, 642 (D.N.J. 1996) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**B.   Section 1983**

Section 1983 of Title 42 of the United States Code authorizes a person such as plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate (1) that he or she was deprived of rights, privileges, or immunities secured by the Constitution or laws of

4

the United States; and (2) that the challenged conduct was committed by a person acting under color of state law.[1]  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.J. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

**C.   Eighth Amendment Claim**

The Eighth Amendment prohibits punishments that are "cruel and unusual."  An Eighth Amendment claim includes both an objective component, whether the deprivation of a basic human need is sufficiently serious, and a subjective component, whether the officials acted with a sufficiently culpable state of mind. See Wilson v. Seiter, 501 U.S. 294, 298 (1991).  The objective component is contextual and responsive to "'contemporary standards of decency.'"  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  The subjective component follows from the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'"  See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted)); Rhodes v. Chapman, 452

---

[1] It is not clear from the complaint whether or not defendant Transcor can be considered a "state actor" pursuant to § 1983; thus, this Court cannot make a finding as to whether or not Transcor is a state actor from the allegations of the complaint.  Nonetheless, for purposes of this review only, the Court will treat defendant Transcor as a state actor, and dismiss the claims based on Plaintiff's failure to allege facts indicating that he was deprived of constitutional rights.

5

U.S. 337, 345 (1981).  What is necessary to establish an unnecessary and wanton infliction of pain varies also according to the nature of the alleged constitutional violation.  See Hudson, 503 U.S. at 5.

In this instance, Plaintiff complains that he was leg shackled to another inmate and handcuffed during his transportation from California to New Jersey, that he was uncomfortable, and that he was not provided a healthy diet. Plaintiff does not allege that he required a special diet for medical or religious reasons.  Nor does he allege any physical injury; rather, he complains that he was uncomfortable, in light of the fact that his family offered to pay for him to fly to New Jersey.

Complaints of "discomforts and irritations" do not rise to the level of an Eighth Amendment claim.  See Barker v. Fugazzi, 18 Fed. Appx. 663, 2001 WL 1085058 (9th Cir., Sept. 17, 2001), cert. denied, 534 U.S. 1140 (2002).  Additionally, "prison officials may place inmates in restraints while transporting them from place to place."  Id. (citing Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended on denial of reh'g, 135 F.3d 1318 (9th Cir. 1998)).  Thus, Plaintiff's allegations of "injury" are not serious enough to satisfy the objective component of an Eighth Amendment claim.  Nor do Plaintiff's allegations give rise to an inference that defendants wilfully disregarded an excessive

risk to his safety, necessary to satisfy the deliberate indifference standard of the Eighth Amendment claim. Accordingly, Plaintiff's complaint will be dismissed.

### CONCLUSION

For the above reasons, Plaintiff's application to proceed in forma pauperis will be granted.  The complaint will be dismissed in its entirety as against all defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate Order accompanies this Opinion.


                                    s/Freda L. Wolfson
                                    FREDA L. WOLFSON
                                    United States District Judge


DATED: May 3, 2006